FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 30 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SERGEANTS BENEVOLENT ASSOCIATION
HEALTH AND WELFARE FUND, NEW
ENGLAND CARPENTERS HEALTH
BENEFITS FUND, ALLIED SERVICES
DIVISION WELFARE FUND, on behalf
of themselves and all others similarly situated,

                Plaintiffs,

            -against-

SANOFI-AVENTIS U.S. LLP and
SANOFI-AVENTIS U.S., INC.,

                Defendants.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**

08-CV-179 (SLT)(RER)

TOWNES, United States District Judge:

By electronic order entered March 27, 2009, Magistrate Judge Ramon E. Reyes, Jr., denied without prejudice plaintiffs' request to conduct certain non-party depositions, implicitly ruling that the depositions were irrelevant to the class certification issues on which discovery is currently ongoing. Plaintiffs now appeal Magistrate Judge Reyes' ruling pursuant to Fed. R. Civ. P. 72(a). For the reasons set forth below, this Court does not find that Magistrate Judge Reyes' ruling was clearly erroneous or contrary to law and plaintiffs' appeal is, therefore, denied.

## BACKGROUND

This putative class action is brought by employee welfare benefits plans which paid for the prescription antibiotic telithromycin, which is marketed in the United States by defendant sanofi-aventis U.S. LLC under the name Ketek. The drug was initially approved by the Food and Drug Administration ("FDA") in 2004 for the treatment of three conditions, allegedly based in part on data generated in "Study 3014." That study was contaminated by fraudulent activity, for which one participating doctor has been sentenced to a term of imprisonment. Second Amended

Class Action Complaint ("2d Compl.") at ¶ 18. According to plaintiffs, defendants knew of the fraud and of safety concerns about the drug but nonetheless marketed Ketek aggressively, engaging in a massive "off-label" marketing campaign designed to expand Ketek's market share across all segments of antimicrobal drugs. (*Id.* at ¶ 31). Plaintiffs allege that they have paid for prescriptions which would have never been written absent defendants' wrongful conduct, and at prices higher than Ketek would have commanded absent the fraud.

At an initial conference on June 16, 2008, Magistrate Judge Kiyo A. Matsumoto directed the parties to "submit [a] staged discovery plan for class and merits discovery." *See* Initial Conference Calendar dated June 16, 2008, ¶ 2. The parties have been unable, however, to agree on such a plan. Although it was defendants' understanding that the parties "agreed in principle to phased discovery" – with discovery limited in the first phase to issues relevant to class certification, *see* Letter to Hon. Kiyo A. Matsumoto from Lynette Eaddy Smith, Esq., dated July 23, 2008, at 1 – the parties clearly never agreed on the precise parameters of discovery relevant to class certification. As a result, Magistrate Judge Reyes – to whom this case was re-assigned on July 29, 2008 – has been asked to resolve several disputes as to what discovery should be permitted at this time.

The discovery dispute which is the subject of the instant motion relates to plaintiffs' proposed deposition of nine non-party witnesses, all of whom were involved with Study 3014 and the FDA's approval of Ketek. First, plaintiffs seek to depose representatives from Pharmaceutical Product Development, Inc. ("PPD"), a contract research organization hired to monitor Study 3014; Quantic Regulatory Service LLC, alleged by plaintiffs to be "a consultancy hired by Sanofi to review, access and certify data from certain Study 3014 sites"; The Copernicus Group, Inc., the Independent Review Board for Study 3014; and Covance Central Laboratory

2

Services, Inc., which conducted laboratory tests on blood samples drawn during Study 3014. In addition, plaintiffs wish to depose three individuals directly involved in Study 3014: Dr. Marie Kirkman-Campbell, the doctor who was convicted for conduct relating to the study; Nadine Grethe, who oversaw the study and, according to plaintiffs, was implicated in the fraud; and Ann Marie Cisneros, a senior clinical research assistant at PPD who disclosed the fraud. Finally, plaintiffs seek to depose two current or former FDA employees involved in approving Ketek: Dr. David Ross and Dr. John H. Powers. *See* Plaintiffs' Objections to the March 27, 2009, Order of Magistrate Judge Ramon E. Reyes, Jr. ("Plaintiffs' Objections") at 3.

By order dated March 6, 2009, Magistrate Judge Reyes directed both parties to submit letter briefs "on how the proposed depositions will or will not affect the issues relevant to class certification, in particular common impact." In a letter brief dated March 20, 2009, defendants argued that these depositions would relate solely to the merits of plaintiffs' claims and not to class certification. In their letter brief, also dated March 20, 2009, plaintiffs tacitly admitted that the proposed depositions would be highly relevant to the merits of their Civil RICO claim, but asserted that the depositions would also be relevant to establish class-wide impact. Letter to Hon. Ramon E. Reyes, Jr., from James R. Dugan, II, dated Mar. 20, 2009, at 2-3. Plaintiffs principally relied on *In re Zyprexa Prods. Liab. Litig.*, 253 F.R.D. 69 (E.D.N.Y. 2008), in which Judge Weinstein recognized, in a similar products liability action, that an economics expert could utilize a "loss of value" methodology to quantify the class-wide economic impact of deceptive business practices by pharmaceutical manufacturers. *Id.* at 4. After noting that plaintiffs bear the burden of adducing evidence to show that the prerequisites to class certification have been met, *id.* at 3 (citing *In re Initial Public Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)), plaintiffs asserted that the *Zyprexa* plaintiffs "demonstrated that Lilly and 'a wide range of collaborating

3

organizations and consultants' deceived the public on the efficacy of Zyprexa." Plaintiffs further implied that such a showing is necessary to establish common impact on all class members through a "loss of value" analysis. *Id.* at 4.

Magistrate Judge Reyes was unpersuaded by plaintiffs' arguments. On March 27, 2009, he entered an electronic order denying without prejudice plaintiffs' request to take the depositions of the non-party witnesses. That order stated, in pertinent part:

> At this time the Court is not convinced that the depositions of the non-parties are necessary for plaintiffs to establish commonality of impact via the "loss of value" methodology identified in their letter, and as discussed more fully in *In re Zyprexa* ....

On April 6, 2009, plaintiffs filed objections to Magistrate Judge Reyes' order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. There is no need to describe plaintiffs' objections and defendants' response thereto in detail, since both documents largely repeat the arguments raised in the March 20, 2009, letters.

## *DISCUSSION*

### *Standard of Review*

Rule 72(a) of the Federal Rules of Civil Procedure "provides for deferential review of a magistrate judge's determination" of pretrial matters not dispositive of a party's claim or defense. *See West Virginia ex rel. McGraw v. Eli Lilly & Co.*, No. 06-CV-5826 (JBW), 2009 WL 959536, at *1 (E.D.N.Y. Apr. 6, 2009). Under this rule, a district court must consider any objections filed by a party within ten days of being served with the magistrate judge's non-dispositive determination. Fed. R. Civ. P. 72(a). However, a district court may modify or set aside the magistrate judge's order only if it finds the order to be "clearly erroneous or contrary to law." *Id.* "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing

court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Rafano v. Patchogue-Medford Sch. Dist.*, No. 06-CV-5367 (JFB) (ARL), 2009 WL 789440, at *12 (E.D.N.Y. Mar. 20, 2009); *see Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

Plaintiffs have timely objected to Magistrate Judge Reyes' Order dated March 27, 2009, which forestalled the proposed non-party depositions relating to Study 3014. "Matters concerning discovery generally are considered 'non-dispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Accordingly, this Court will apply the deferential "clearly erroneous/contrary to law standard" in considering plaintiffs' objections.

### *The Propriety of the March 27, 2009, Ruling*

This case is currently at the class certification stage. "[A] district court cannot grant class certification without making a determination that all of the Rule 23 requirements are met." *In re Initial Public Offerings Sec. Litig.*, 471 F.3d 24, 40 (2d Cir. 2006). There are four prerequisites to all class actions, commonly known as numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a). In some cases, a court must also determine "that the questions of law or fact common to class members predominate over any questions affecting only individual members" (*i.e.*, predominance) and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (*i.e.*, superiority). Fed. R. Civ. P. 23(b)(3).

Plaintiffs correctly note that, in moving for class certification, they will bear the burden of ensuring that this Court "receive[s] enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." *See* Plaintiffs' Objections at 5 (quoting *In re Initial Public Offerings Sec. Litig.*, 471 F.3d at 41). However, the fact that plaintiffs will bear this burden does not entitle them to limitless discovery. As the Second Circuit recently noted:

> To avoid the risk that a Rule 23 hearing will extend into a protracted mini-trial of substantial portions of the underlying litigation, a [trial court] must be accorded considerable discretion to limit both discovery and the extent of the hearing on Rule 23 requirements.

*In re Initial Public Offerings Sec. Litig.*, 471 F.3d at 41 (bracketed material added). In addition, magistrate judges are entitled to broad discretion in deciding discovery disputes, and their rulings are entitled to "substantial deference, particularly where they have been deeply involved in discovery matters in the case for years." *Rafano*, 2009 WL 789440, at *11 (quoting *Grand River Enters. Six Nations, Ltd. v. King*, No. 02 Civ. 5068 (JFK), 2009 WL 222160, at *2 (S.D.N.Y. Jan. 30, 2009)).

This Court agrees with the manner in which Magistrate Judge Reyes has exercised his discretion. Defendants have conceded "that evidence relating to Study 3014 is common to all members of the putative plaintiff class" and "is not different for each third-party payor." Defendants' Response to Plaintiffs' Objections to the March 27, 2009 Order of Magistrate Judge Ramon E. Reyes, Jr. ("Defendants' Response") at 7-8. The proposed non-party depositions are highly unlikely to produce or lead to evidence relevant to numerosity, typicality or adequacy of representation. Evidence relating to the complexity of attempting to prove plaintiffs' Civil RICO claim may be relevant to predominance and superiority, but plaintiffs need not actually prove

their RICO claim, or conduct the discovery necessary to prove that claim, in order to make this showing.

Plaintiffs' assertion that the proposed non-party depositions are necessary to establish common impact through a "loss of value" methodology is unconvincing. Plaintiffs imply that in quantifying the economic effect of the alleged wrongful conduct in *In re Zyprexa Prods. Liab. Litig.*, 253 F.R.D. 69 (E.D.N.Y. 2008), the *Zyprexa* plaintiffs' economics expert relied on evidence that "'a wide range of collaborating organizations and consultants' deceived the public on the efficacy of Zyprexa." Plaintiffs' Objections at 6 (quoting *In re Zyprexa Prods. Liab. Litig.*, 253 F.R.D. at 157. However, the portion of the *Zyprexa* opinion cited by plaintiffs expressly states that the expert merely assumed these facts. *Id.*, at 157. Indeed, the expert concluded only that "*if* the alleged unlawful conduct regarding Lilly's marketing and lack of disclosure of complete information about product risks and efficacy of Zyprexa were true, it resulted in economic harm to the putative class." *Id.*, at 156 (emphasis added).

## *CONCLUSION*

For the reasons stated above, this Court concludes that Magistrate Judge Reyes' Order dated March 27, 2009, is neither clearly erroneous nor contrary to law. Plaintiffs' motion pursuant to Rule 72(a) of the Federal Rules of Civil Procedure is, therefore, denied.

SO ORDERED.

s/ SLT
/SANDRA L. TOWNES
United States District Judge

Dated: April 30, 2009
Brooklyn, New York

7